852 So.2d 335 (2003)
Willie Homer KIMBROUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3123.
District Court of Appeal of Florida, Fifth District.
August 8, 2003.
Joseph N. D'Achille, Jr., Titusville, for Appellant.
Charles J. Crist, Jr., Attorney General, and Sean F. Callaghan Assistant Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Kimbrough appeals an order granting the state's retardation involuntary admission petition. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).
Kimbrough argues that the lower court erred by admitting into evidence his behavioral records under the business records exception to the hearsay rule. The state contends that the records were properly admitted under the public records exception. Our review of the hearing transcript leads us to conclude that the *336 records were not properly admitted under either exception because the state's predicate failed to establish that the records were generated by a person who had personally observed or had personal knowledge of the events depicted in the records. See §§ 90.803(6) and (8), Fla. Stat. (2002); Charles W. Ehrhardt, Florida Evidence § 803.8 (2002 ed.); King v. State, 590 So.2d 1032 (Fla. 1st DCA 1991).
Despite the erroneous admission of the central records, the lower court's order may still be upheld if the error was harmless. Forester v. Norman Roger Jewell & Brooks Int'l, Inc., 610 So.2d 1369 (Fla. 1st DCA 1993). "Only when it appears that such errors injuriously affect the substantial rights of the complaining party will a judgment be reversed." Id. at 1372. The appellant must not only demonstrate error, but also prejudice from such admission. Id. In Forester, the appellate court found that improperly admitted hearsay reports were prejudicial because they conflicted with other evidence on a disputed issue in the case.
In the instant case, the evidence did not conflict. Although the state witnesses relied on the improperly admitted records, two defense witnesses also concluded that Kimbrough qualified for involuntary admission without relying on those records. Instead, they relied on several competency reports, which contained essentially the same factual information contained in the improperly admitted records. Consequently, Kimbrough has failed to establish he was prejudiced by the improperly admitted records because he elicited the same information and opinions through his own expert witnesses.
For the same reasons, we also reject Kimbrough's argument that the involuntary admission order was not based on substantial competent evidence. Although the state's evidence may have been insufficient due to its reliance on the improperly admitted central records, Kimbrough's witnesses offered the same opinions and factual basis without relying on improperly admitted records. Instead, they relied on a series of competency reports in forming their opinion. One of these reports, dated November 12, 2001, recites not only the violent acts alleged against Kimbrough in this case, but also his history of fighting in school and jail, and his violent conduct in the competency program. One of Kimbrough's experts testified that an earlier November, 2000 competency report "specifically comments on Mr. Kimbrough being a major behavioral problem, having attacked staff and clients, exhibiting inappropriate sexual behavior, threatening staff and clients and being noncompliant with direction."
This evidence included essentially the same factual information testified to by the state's witnesses and relied on by the lower court. It paints a clear picture of Kimbrough's longstanding violent behavior toward others and his lack of rehabilitation. We conclude it was sufficient to sustain the lower court's order.
We reject Kimbrough's analogy to Baker Act proceedings. He cites several cases dealing with proceedings under section 394.467 Florida Statutes, not section 393.11. These cases are not controlling because these statutes have different elements of proof. Section 394.467(1)(a)2.b. requires evidence proving a "substantial likelihood that in the near future he or she will inflict serious bodily harm on himself or herself or another person, as evidenced by recent behavior causing, attempting, or threatening such harm." (Emphasis added). Section 393.11(8)(b)3.b., on the other hand, only requires proof that the person is "likely to physically injure others if *337 allowed to remain at liberty." (Emphasis added).
Further, unlike many of the cases cited by Kimbrough, (e.g., In re Beverly, 342 So.2d 481 (Fla.1977); Smith v. State, 508 So.2d 1292 (Fla. 1st DCA 1987)), there were no conflicting opinions or evidence presented regarding Kimbrough's qualification for involuntary admission. All of the state and defense experts relied on essentially the same factual information, as well as personal observations, and all concluded that Kimbrough should be involuntarily admitted. The lack of conflicting evidence certainly made the case against Kimbrough more compelling.
While the lower court erred in admitting Kimbrough's central records, we find the error to be harmless. Accordingly, we affirm.
AFFIRMED.
SHARP, W. and PALMER, JJ., concur.