PER CURIAM.
 

 We have for review
 
 Corker v. State,
 
 937 So.2d 757 (Fla. 4th DCA 2006), in which the Fourth District Court of Appeal relied upon its decision in
 
 Yisrael v. State,
 
 938 So.2d 546 (Fla. 4th DCA 2006) (en banc),
 
 disapproved in part,
 
 993 So.2d 952 (Fla.2008), and certified conflict with the First District Court of Appeal’s decision in
 
 Gray v. State,
 
 910 So.2d 867 (Fla. 1st DCA 2005). We have jurisdiction.
 
 See
 
 art. V, § 3(b)(4), Fla. Const.
 

 We stayed proceedings in this case pending our disposition of
 
 Yisrael,
 
 in which we: (1) approved the decision of the First District in
 
 Gray,
 
 and (2) disapproved
 
 *522
 
 the reasoning and rule of law articulated by the Fourth District in its underlying decision, but ultimately approved the result reached by that court
 
 on other grounds. See Yisrael v. State,
 
 993 So.2d 952, 960-61 (Fla.2008). We subsequently issued an order directing the State to show cause why we should not exercise jurisdiction, summarily quash the decision under review, and remand for reconsideration in light of our decision in
 
 Yisrael.
 
 We now possess the record on appeal, which contains a Department of Corrections Crime and Time Report that was properly authenticated under seal as provided by section 90.902(1), Florida Statutes (2003).
 
 See Yisrael,
 
 993 So.2d at 960-61 (approving this authentication method). Further, the record includes a transcript of petitioner Corker’s sentencing hearing, which confirms that this activities-based public record was properly admitted and considered by the trial court in sentencing Corker as a prison-releasee reoffender.
 
 See
 
 § 775.082(9)(a), Fla. Stat. (2002).
 

 Accordingly, we grant the petition for review and, as we did in
 
 Yisrael,
 
 approve the ultimate result reached by the Fourth District Court of Appeal below, but disapprove its reliance upon the rule expressed in
 
 Yisrael v. State,
 
 938 So.2d 546 (Fla. 4th DCA 2006), because
 
 the Crime and Time Report
 
 provided in this case was properly authenticated under seal.
 
 See Yisrael,
 
 993 So.2d at 960-61.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, and LABARGA, JJ., concur.