ON REMAND FROM THE SUPREME COURT OF FLORIDA
 

 PER CURIAM.
 

 We reconsider on remand our opinion in
 
 Rivera v. State,
 
 939 So.2d 1197 (Fla. 4th DCA 2006), which was quashed by the Florida Supreme Court following its decision in
 
 Rivera v. State,
 
 7 So.3d 523, 2009 WL 702826 (Fla. Mar. 27, 2009). As ordered by the Supreme Court, we apply its decision in
 
 Yisrael v. State,
 
 993 So.2d 952 (Fla.2008), to the facts of this case.
 

 In
 
 Yisrael,
 
 the Supreme Court disapproved of this Court’s holding in
 
 Yisrael v. State,
 
 938 So.2d 546 (Fla. 4th DCA 2006), which was the case relied upon by this Court in holding that the Department of Correction’s letter, alone, was sufficient evidence of Rivera’s last release date to
 
 *659
 
 sentence him as a habitual felony offender (HFO).
 
 See Rivera,
 
 939 So.2d at 1197. Given the Supreme Court’s reasoning in
 
 Yisrael,
 
 we now reverse Rivera’s sentence as a HFO because a Department of Correction’s letter, alone, is insufficient to support sentencing as a HFO.
 
 See Yisrael,
 
 993 So.2d at 961. We, therefore, remand for resentencing consistent with the supreme court’s decision in
 
 Yisrael.
 
 Upon remand, the State may present additional evidence to prove that the defendant qualifies for habitual felony offender sentencing.
 
 See State v. Collins,
 
 985 So.2d 985, 990 (Fla. 2008).
 

 Reversed and Remanded.
 

 HAZOURI, MAY and DAMOORGIAN, JJ., concur.