ON REMAND FROM THE SUPREME COURT OF FLORIDA
 

 PER CURIAM.
 

 We reconsider on remand our opinion in
 
 Corker v. State,
 
 937 So.2d 757 (Fla. 4th DCA 2006), which the Florida Supreme Court reviewed in
 
 Corker v. State,
 
 7 So.3d 521 (Fla.2009).
 

 Corker argued to this court that the trial court erred by denying his hearsay objection to the introduction of a letter from the Department of Corrections (“DOC”) reflecting his most recent release date from prison. 937 So.2d at 757. The State offered the letter at sentencing in order to establish Corker’s status as a prison release reoffender (“PRR”).
 
 Id.
 
 This court affirmed based on our en banc opinion in
 
 Yisrael v. State,
 
 938 So.2d 546 (Fla. 4th DCA 2006). In
 
 Yisrael,
 
 this court held that, during sentencing, a DOC release-date letter was admissible, under the public records exception to the hearsay rule, to establish a defendant’s status as a habitual violent felony offender.
 
 Id.
 
 at 549-50.
 

 The Florida Supreme Court, however, in
 
 Yisrael v. State,
 
 993 So.2d 952 (Fla.2008), concluded that DOC release-date letters alone are not admissible under either the business or public records exceptions to the hearsay rule.
 
 Id.
 
 at 960. Instead, the supreme court held that a signed release-date letter, written under seal, or a section 90.902(11) business record certification, may be used to authenticate an attached DOC “Crime and Time Report” to render the entire report admissible under the public records exception to the hearsay rule.
 
 Id.
 
 (citing
 
 Parker v. State,
 
 973 So.2d 1167, 1168-69 (Fla. 1st DCA 2007); § 90.902(11), Fla. Stat.2004).
 

 Following the disposition of
 
 Yisrael,
 
 the supreme court issued an order in this case directing the State to show cause why the supreme court should not remand for reconsideration in light of its decision in
 
 Yisrael.
 
 The State supplied the supreme court with a DOC business records certification, contained within the appellate record, which the State used to authenticate the “Crime and Time Report” upon which the trial court based Corker’s PRR sentence. Accordingly, the supreme court approved of this court’s ultimate result in Corker’s case, disapproved of our reliance on
 
 Yisrael,
 
 and remanded for further proceedings in accordance with its opinion.
 

 Therefore, based upon the supreme court’s mandate issued April 14, 2009, we modify our affirmance of Corker’s conviction and sentence consistent with the supreme court’s opinion filed March 19, 2009.
 

 STEVENSON, MAY and GERBER, JJ., concur.