ON MOTION FOR REHEARING

PER CURIAM.
We grant the state’s motion for rehearing. In so holding, we withdraw our original opinion and affirm Acosta’s sentence as a prison releasee reoffender. After the supreme court granted review based upon our reliance on Yisrael v. State, 938 So.2d 546 (Fla. 4th DCA 2006), disapproved in part, 993 So.2d 952 (Fla.2008), it quashed our decision in Acosta v. State, 7 So.3d 525 (Fla.2009), and remanded for reconsideration upon application of Yisrael.
In Yisrael, the court disapproved of this Court’s holding in Yisrael v. State, 938 So.2d 546 (Fla. 4th DCA 2006), which was the case relied upon by this Court in holding that a Department of Corrections release-date letter, alone, was sufficient evidence to sentence Acosta as a prison releasee reoffender. See Acosta, 956 So.2d 1235, 1235 (Fla. 4th DCA 2007). Although the court in Yisrael held that a DOC release-date letter, alone, is not admissible because, by itself and without sufficient corroboration, it fails to meet the business records hearsay exception, see Yisrael, 993 So.2d at 955-59, it did hold that a DOC release date letter is admissible at sentencing under the public record hearsay exception if the following conditions are met:
(1) the State submitted the release-date letter and the Crime and Time Report as one combined record during Yisrael’s sentencing proceeding; (2) the release-date letter certified Yisrael’s former name, offense identification numbers, and release date; (3) the attached Crime and Time Report contained this same information; and (4) the DOC records custodian signed the letter, which was written under seal.
Id. at 960 (emphasis in original).
In this case, the sentencing of Acosta as a prison release reoffender was proper because, in submitting the DOC release-date letter, the State met the requirements of the public record hearsay exception articulated in Yisrael. Therefore, as in our recent decision in Graham v. State, 8 So.3d 1284 (Fla. 4th DCA 2009), we affirm the trial court’s sentence.
WARNER, HAZOURI and LEVINE, JJ., concur.