ON REMAND FROM THE FLORIDA SUPREME COURT

PER CURIAM.
We reconsider on remand our opinion in Delinger v. State, 944 So.2d 1072 (Fla. 4th DCA 2006),[1] which was quashed by the Florida Supreme Court following its decision in Denlinger v. State, 7 So.3d 522, 523 (Fla.2009). As ordered by the supreme court, we apply its decision in Yisrael v. State, 993 So.2d 952 (Fla.2008), to the facts of this case.
In Yisrael, the Florida Supreme Court disapproved of this Court’s holding in Yisrael v. State, 938 So.2d 546 (Fla. 4th DCA 2006), which was the case relied upon by this Court in holding that the Crime and Time Report alone was sufficient evidence of Denlinger’s last release date to sentence him as a Prison Releasee Reoffender (PRR). § 775.082(9)(a)(l), Fla. Stat. (2005).
Given the supreme court’s reasoning in Yisrael, we now reverse Denlinger’s sentence as a PRR. For a Crime and Time Report to be admitted as a business record at a sentencing hearing, the State must supply the authentication required by sections 90.803(6) and 90.902(11), Florida Statutes, or it must submit the Crime and Time Report and a signed and sealed release-date letter as one combined record. Yisrael, 993 So.2d at 958, 960. In this case, neither a business-record authentication nor a signed and sealed release-date letter was submitted.
We, therefore, remand for resentencing consistent with the supreme court’s decí *1265 sion in Yisrael. Upon remand, the State may present additional evidence to prove that the defendant qualifies for PRR sentencing. See State v. Collins, 985 So.2d 985, 990 (Fla.2008).

Reversed arid Remanded.

POLEN, MAY and LEVINE, JJ„ concur.

. In our prior opinion of 2006, we inadvertently misspelled Appellant Denlinger's name as "Delinger.''