ON REMAND FROM THE SUPREME COURT OF FLORIDA
 

 PER CURIAM.
 

 Appellant David Brown challenges the revocation of his probation, claiming that the state failed to prove his status as probationer. This court previously affirmed the trial court’s revocation of Brown’s probation, but the supreme court subsequently reversed that decision and remanded the case to us to consider the application of its holding in
 
 Yisrael v. State,
 
 993 So.2d 952 (Fla.2008).
 
 Brown v. State,
 
 7 So.3d 528 (Fla.2009).
 

 We conclude that the supreme court’s holding in
 
 Yisrael
 
 does not control the disposition of this case. In
 
 Yisrael,
 
 the supreme court held that release-date letters issued by the Department of Corrections are non-admissible hearsay unless they are authenticated and admitted under the public or business records exception.
 
 Yisrael,
 
 993 So.2d at 960. In a probation revocation proceeding, however, the court may freely consider hearsay evidence so long as the decision to revoke is not solely based on that hearsay.
 
 Russell v. State,
 
 982 So.2d 642, 646 (Fla.2008). The trial court’s decision to revoke probation is reviewed only for an abuse of discretion.
 
 Id.
 

 In this ease, the court considered hearsay evidence in the form of an Inmate Release Information Record supplied by the Department of Corrections. Insofar
 
 *724
 
 as the trial court considered that document, its contents were used to corroborate evidence from Brown’s court file and records from the Office of Probation and were not the sole basis for revoking Brown’s probation. Because hearsay is admissible in a revocation hearing, and because the trial court considered the hearsay only as corroborating evidence,
 
 Yisrael
 
 does not apply to this case.
 

 A review of the record demonstrates that the trial court did not abuse its discretion in revoking Brown’s probation. The court below was presented with competent evidence that Brown was the probationer, and the state met its burden of “satisfying] the conscience of the court” that Brown violated his probation.
 
 Lopez v. State,
 
 722 So.2d 936, 937 (Fla. 4th DCA 1998).
 

 Affirmed.
 

 MAY, DAMOORGIAN, and LEVINE, JJ., concur.