PER CURIAM.
 

 We vacate our orders of May 27, 2009 and August 28, 2009, and reconsider on remand our opinion in
 
 Perkins v. State,
 
 939 So.2d 1113 (Fla. 4th DCA 2006), which the Florida Supreme Court reviewed in
 
 Perkins v. State,
 
 7 So.3d 529 (Fla.2009).
 

 Perkins argued to this court that the trial court erred in sentencing by considering an affidavit from the Department of Corrections (“DOC”) reflecting his prior release date from prison. 939 So.2d at 1113. The State offered the letter at sentencing in order to establish Perkins’ status as a prison releasee reoffender (“PRR”). This court affirmed based on our en banc opinion in
 
 Yisrael v. State,
 
 938 So.2d 546 (Fla. 4th DCA 2006). In
 
 Yisra-el,
 
 this court held that, during sentencing, a DOC release-date letter was admissible, under the public records exception to the hearsay rule, to establish a defendant’s status as a habitual violent felony offender.
 
 Id.
 
 at 549-50.
 

 The Florida Supreme Court, however, in
 
 Yisrael v. State,
 
 993 So.2d 952 (Fla.2008), concluded that DOC release-date letters alone are not admissible under either the business or public records exceptions to the hearsay rule.
 
 Id.
 
 at 960. Instead, the Florida Supreme Court held that a signed release-date letter, written under seal, or a section 90.902(11) business record certification, may be used to authenticate an attached DOC “Crime and Time Report” to render the entire report admissible under the public records exception to the hearsay rule.
 
 Id.
 
 (citing
 
 Parker v. State,
 
 973 So.2d 1167, 1168-69 (Fla. 1st DCA 2007); § 90.902(11), Fla. Stat. (2004)).
 

 Following the disposition of
 
 Yisrael,
 
 the Florida Supreme Court issued an order quashing and remanding to this court for reconsideration.
 

 We have reviewed the full appellate record and find that the State submitted a DOC business records certification to authenticate the “Crime and Time Report” upon which the trial court based Perkins’ PRR sentence. Accordingly, we affirm Perkins’ PRR designation and sentence.
 

 Affirmed.
 

 POLEN, FARMER and CIKLIN, JJ., concur.