CANADY, J.,
dissenting.
I disagree with the majority’s decision to quash and remand the decision of the Third District Court of Appeal. On the Yisrael[1] issue, the majority recognizes that the Third District reached the correct result. On that basis, I would discharge jurisdiction on the Yisrael issue. For the reasons I will explain, I would also discharge jurisdiction on the DiGuilio[2] issue.
With respect to the DiGuilio issue, I disagree with the majority’s conclusion that “the district court improperly utilized an ‘overwhelming evidence test’ ” and therefore “expressed an incorrect harmless error analysis.” Majority op. at 1088-89. This is not a case in which the appellate court failed to acknowledge the DiGu-ilio standard. The Third District aecu- *1092 rately stated the DiGuilio standard: “The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict.” Ventura v. State, 973 So.2d 634, 637 (Fla. 3d DCA 2008) (emphasis added) (quoting DiGuilio, 491 So.2d at 1138).
Notwithstanding this express and correct acknowledgement of the DiGuilio standard by the Third District, the majority here concludes that the Third District’s decision “does not reflect any consideration by the appellate court of whether the impermissible comments contributed to the conviction.” Majority op. at 1091. For the majority to reach that conclusion, it must assume that the district court failed to give any consideration to the precise test which the district court stated as the governing test. Such an assumption is unwarranted.
In condemning the district court’s reference to “overwhelming evidence,” the majority condemns an element of harmless error analysis which this Court itself has repeatedly employed. In numerous cases, we have expressly relied on the existence of overwhelming evidence of guilt in reaching the conclusion that an error was harmless. See, e.g., Hojan v. State, 3 So.3d 1204, 1210 (Fla.2009) (“Based on this other extensive evidence, we conclude that even if admission of the statement was error, it was harmless error.”), cert. denied, — U.S. -, 130 S.Ct. 741, — L.Ed.2d -, 78 U.S.L.W. 3319 (2009) (No. 09-5780); Fitzpatrick v. State, 900 So.2d 495, 517 (Fla.2005) (stating in harmless error analysis that “[tjhere was overwhelming permissible evidence of Fitzpatrick’s guilt”); Hutchinson v. State, 882 So.2d 943, 952 (Fla.2004) (stating in harmless error analysis that imjDroperly admitted “testimony adds little, if anything, to the overwhelming evidence of guilt”); Walton v. State, 847 So.2d 438, 448 (Fla.2003) (“Clearly, taken in conjunction with the presence of the overwhelming evidence before the court supporting its conclusions as to Walton’s leadership role in the burglary planning, this mistaken statement by the trial court within its final order was harmless.”); Chavez v. State, 832 So.2d 730, 754, 762 (Fla.2002) (stating that “given the overwhelming evidence of Chavez’s guilt, the error in admitting his last confession would be harmless” and stating that “[g]iv-en the overwhelming evidence of Chavez’s guilt, on this record, there is no possibility that admission of the [bloody] mattress contributed to the outcome of the proceedings”); Henyard v. State, 689 So.2d 239, 248 (Fla.1996) (relying in harmless error analysis on conclusion that “the other evidence presented at trial of Henyard’s guilt was extensive and overwhelming”).
There is no question that “overwhelming evidence” cannot be the alpha and omega of harmless error analysis. Chapman v. California, 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) — which articulated the harmless error standard from which the DiGuilio standard was derived — itself questioned the California courts’ “emphasis, and perhaps overemphasis, upon the court’s view of ‘overwhelming evidence.’ ” Nonetheless, in Harrington v. California, 395 U.S. 250, 254, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), the Court concluded that the erroneous admission of the confessions of codefendants who did not take the stand was harmless beyond a reasonable doubt under the Chapman standard because “apart from [those confessions] the case against Harrington was so overwhelming.” See also Schneble v. Florida, 405 U.S. 427, 431, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972) (referring in harmless error analysis to “overwhelming” “independent evidence of guilt”).
*1093 In determining whether beyond a reasonable doubt an error did not contribute to a guilty verdict, the weight of the properly admitted evidence must be evaluated. The United States Supreme Court has recognized that in harmless error analysis, an error must “be quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt.” Arizona v. Fulminante, 499 U.S. 279, 308, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (emphasis added). Likewise, in DiGuilio we acknowledged the required “analysis of the strength and nature of the permissible evidence of guilt and of the strength and nature of the impermissible” matters presented to the jury. 491 So.2d at 1137 (emphasis added). A conclusion that the properly considered evidence of guilt is overwhelming may naturally flow from such a quantitative assessment or analysis of the strength and nature of the evidence.
As the precedents mentioned above amply demonstrate, a reviewing court’s reference to overwhelming evidence of guilt does not establish that the court employed an incorrect test for harmless error. I therefore dissent from the majority’s application of a requirement which is inconsistent with the precedents of this Court.
POLSTON, J., concurs.

. Yisrael v. State, 993 So.2d 952 (Fla.2008).

. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).