TAYLOR, J.
 

 The defendant appeals his criminal conviction and sentence for carrying a concealed firearm. He argues that the trial court erred in admitting into evidence a letter from the Department of Agriculture indicating that he had not been granted a license to carry a concealed firearm. We agree that this was inadmissible hearsay. However, because the absence of a license was not an element of the crime, and the defendant’s defense at trial was not that he had a license for the gun, but, rather, that he never had it in his possession, we find that the error was harmless and affirm.
 

 At trial, Officer Elijah Rodgers of the Lauderhill Police Department testified that he was patrolling in an unmarked vehicle when he saw the defendant with a black shiny metallic object in his hands. When he got closer to the defendant, he recognized the object to be a firearm. The defendant pulled out a bandana from his pocket and wrapped up the firearm. When Officer Rodgers tried to make contact with the defendant, the defendant ran with the bandana, completely covering the firearm inside it. The defendant tossed away the bandana and weapon when the officer came within ten feet of him. Shortly thereafter, the officer recovered the bandana and gun from underneath a stairway of the building where the defendant was arrested. Appellant told the officer that the firearm was not his and that he was holding it for somebody else. At trial, his defense was that he was unarmed and that the gun found by the police was not his.
 

 
 *240
 
 At trial, the state sought to introduce as a public record a sworn statement from the records custodian of the Florida Department of Agriculture and Consumer Services attesting that the Department had no records of a concealed weapon or firearm license issued for anyone with the defendant’s name and date of birth. The document was on the Department’s letterhead and titled “CUSTODIAN OF RECORDS STATEMENT.” The body of the document stated:
 

 In my capacity as Bureau Chief, Florida Department of Agriculture and Consumer Services, Division of Licensing, I am the official Records Custodian for the Division.
 

 I hereby certify that a diligent search of our records has been performed and the Division of Licensing has no record of a Concealed Weapon or Firearm license issued pursuant to Section 790.06, Florida Statutes, in the name of Leon Watt, Date of Birth: July 8,1977.
 

 The document was signed by Mary Kennedy, Records Custodian, and contained a notarized jurat, indicating that the document was sworn on May 6, 2008.
 

 The defendant objected to admission of the document, arguing that it was inadmissible hearsay and not admissible as a public record. The trial court overruled the objection without comment. No other evidence regarding the license issue was adduced at trial, but the prosecutor did refer to the document in his closing argument. The jury found the defendant guilty of carrying a concealed firearm, as charged. The defendant was sentenced to a year and a day in prison.
 

 A trial court’s ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion.
 
 Essex v. State,
 
 917 So.2d 953, 956 (Fla. 4th DCA 2005). However, the trial court’s discretion is limited by the rules of evidence.
 
 Id.
 
 The issue here is whether the document qualified for admission under the public-record exception to the hearsay rule. Section 90.803(8), Florida Statutes (2008), states that:
 

 Records, reports, statements reduced to writing, or data compilations, in any form, of public offices or agencies, setting forth the activities of the office or agency, or matters observed pursuant to duty imposed by law as to matters which there was a duty to report, excluding in criminal cases matters observed by a police officer or other law enforcement personnel, unless the sources of information or other circumstances show them lack of trustworthiness.
 

 As the Florida Supreme Court explained in
 
 Yisrael v. State,
 
 993 So.2d 952, 959 (Fla.2008):
 

 “Public record,” as used in section 90.803(8), only encompasses two types of records. The first type includes records setting forth “the activities of the office or agency.” § 90.803(8), Fla. Stat. (2004); [Charles W. Ehrhardt,
 
 Florida Evidence
 
 ] § 803.8, at 906 [ (2007 ed.) ]. And the second type includes records setting forth “matters observed pursuant to [a] duty imposed by law as to matters which there was a duty to report.” § 90.803(8), Fla. Stat. (2004);
 
 Ehrhardt, supra
 
 § 803.8, at 906. Moreover, “matters-observed” public records must be based upon a public official’s first-hand observation of an event.
 
 See Ehrhardt, supra
 
 § 803.8, at 906;
 
 Kimbrough v. State,
 
 852 So.2d 335, 335-36 (Fla. 5th DCA 2003).
 

 The Department of Agriculture and Consumer Services is authorized by section 790.06(1), Florida Statutes (2008), “to issue licenses to carry concealed weapons or concealed firearms to persons qualified as provided in this section.” Generally, the Department is required to “implement
 
 *241
 
 and administer the provisions” of the statute.
 
 See
 
 § 790.06(15), Fla. Stat. (2008). As for record-keeping and reporting, the statute specifically provides, as follows:
 

 (7) The Department ... shall maintain an automated listing of licenseholders and pertinent information, and such information shall be available online, upon request, at all times to all law enforcement agencies through the Florida Crime Information Center.
 

 § 790.06(7), Fla. Stat. (2008).
 

 Yisrael
 
 involved both a Department of Corrections (DOC) release date letter, which the court found was
 
 not
 
 a public record within the meaning of the hearsay exception, and a DOC Crime and Time Report, which the court found was a public record within the rule. 993 So.2d at 958-59. As to the “activities-based” public record category, the
 
 Yisrael
 
 court found that “drafting a gratuitous hearsay letter for the purpose of litigation is not a regular activity.”
 
 Id.
 
 at 959. By contrast, it found that “creating and maintaining Crime and Time Reports is the relevant DOC activity.”
 
 Id.
 
 The letter at issue in the present case is indistinguishable from the date-of-release letter in
 
 Yisrael.
 
 Presumably, the Department of Agriculture and Consumer Services could have printed out a report from its authorized computer database showing that the defendant did not have a concealed weapons license, which would have been analogous to the Crime and Time Report in
 
 Yisrael.
 
 However, like DOC’s date-of-release letter in
 
 Yisrael,
 
 the letter from the Department of Agriculture and Consumer Services does not memorialize its activity.
 

 As for the “matters observed” prong, the
 
 Yisrael
 
 court explained as follows:
 

 [T]o be admitted under this portion of the exception:
 
 (1) the source of the information must have personal knowledge of the information recorded, as the phrase “matters observed” implies, (2) the source must have had a legal duty to both observe and report the information, and (3) the record in question must be one that the public agency or office is required by law to prepare.
 

 993 So.2d at 959 (quoting
 
 Ehrhardt, supra
 
 § 803.8, at 908) (emphasis in original). In
 
 Yisrael,
 
 the court found that the DOC had no legal duty “to create a litigation-specific letter for the assistant state attorney. Rather, the DOC had a statutory duty to create and maintain its Crime and Time Reports, which are the actual records the DOC relies upon to keep track of inmates’ crimes, sentences, and release dates.”
 
 Id.
 
 Similarly, the Department of Agriculture and Consumer Services had no duty to create the subject letter for litigation; its obligation was to create and maintain the computerized records, which were not introduced.
 

 We conclude that the trial court erred in admitting the letter from the Department of Agriculture and Consumer Services under the public-record exception to the hearsay rule. We determine, however, that admission of the letter was harmless error.
 
 See State v. DiGuilio,
 
 491 So.2d 1129, 1135 (Fla.1986).
 

 The concealed weapon/firearm statute states, in pertinent part, as follows:
 

 (1) Except as provided in subsection (4), a person who carries a concealed weapon or electric weapon or device on or about his or her person commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
 

 (2) A person who carries a concealed firearm on or about his or her person commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
 

 (3) This section does not apply to a person licensed to carry a concealed weapon
 
 *242
 
 or a concealed firearm pursuant to the provisions of s. 790.06.
 

 § 790.01, Fla. Stat. (2008).
 

 Under the terms of the concealed weapon/firearm statute, the state does not have the burden of proving the absence of a license as an element of the crime. Rather, proof of a license is pertinent only as an affirmative defense. Generally, for a statutory exception, such as a license, to constitute a defense under Florida law, the exception “must be in a clause subsequent to the enacting clause of a statute.”
 
 State v. Robarge,
 
 450 So.2d 855, 856 (Fla.1984).
 
 Accord Royal v. State,
 
 784 So.2d 1210 (Fla. 5th DCA 2001). In this case subsections (1)and (2) of the above-quoted statute are plainly the enacting clauses. The license defense is in the subsequent clause, subsection (3). As such, it is an affirmative defense, not an element of the crime.
 
 [1]
 

 In this case, the defendant never asserted or presented any evidence that he had a concealed firearm license. His theory of defense was that he did not possess the gun — not that he had a license for it. We thus conclude that the error in admitting the letter from the Department of Agriculture and Consumer Services was harmless.
 

 Affirmed.
 

 STEVENSON and MAY, JJ., concur.
 

 [1]
 

 . We note that Florida Standard Jury Instruction (Criminal) 10.1 also does not recognize the absence of a license as an element of this crime.