DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MIA REAL HOLDINGS, LLC,**
Appellant,

v.

**CHARLES G. NOLAN, II,**
Appellee.

No. 4D14-4371

[November 25, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Eli Breger, Senior Judge; L.T. Case No. 50-2012-CA008126XXXXMB (AW).

Jerome L. Tepps, P.A., Sunrise, for appellant.

Brian Korte of Korte & Wortman, P.A., West Palm Beach, for appellee.

PER CURIAM.

In this mortgage foreclosure action, the plaintiff, MIA Real Holdings, took a voluntary dismissal. The defendant homeowner moved for attorney's fees. The trial court awarded $15,455 in fees. We reverse the award and direct the trial court to award $5,600 in fees, the amount supported by the evidence.[1]

To represent him in the foreclosure, homeowner Charles Nolan, II hired the law firm Korte & Wortman, P.A. Nolan signed a fee agreement whereby he agreed to pay the law firm $400 per month during the course of litigation, which began when suit was filed on April 27, 2012. MIA took a voluntary dismissal on June 24, 2013.

Nolan sought fees in excess of $400 per month. Because there was inadequate evidence offered to support anything in excess of $400 per

---

[1]We do not address appellant's argument that the motion for attorney's fees was untimely because there is an inadequate record of the entitlement hearing. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979).

month, we do not reach the question of whether the fee contract would allow for fees in excess of that amount.

Typically, attorney's fee awards are supported by a combination of business records and testimony. The business records exception to the hearsay rule, contained in section 90.803(6), Florida Statutes (2014), requires the party seeking to admit the record to establish that:

> (1) the record was made at or near the time of the event;
> (2) was made by or from information transmitted by a person with knowledge;
> (3) was kept in the ordinary course of a regularly conducted business activity; and
> (4) it was a regular practice of that business to make such a record.

See, e.*g., Landmark Am. Ins. Co. v. Pin-Pon Corp.*, 155 So. 3d 432, 441 (Fla. 4th DCA 2015) (citing *Yisrael v. State*, 993 So. 2d 952, 956 (Fla. 2008)). The witness through whom the record is offered must be at least a "qualified witness," someone who has the knowledge to describe the method by which a record was created. § 90.803(6)(a). A court may refuse to admit a business record if "the sources of information or other circumstances show a lack of trustworthiness." *Id.*

At the attorney's fee hearing below, Nolan failed to qualify a "fee sheet" as a business record of the firm. The sheet had been prepared by a law firm associate who made an estimate of time spent on the case from some "computer notes" which were not introduced in evidence. Contrary to Nolan's position at the hearing, the fact that the "fee sheet" was "prepared during regular work hours" does not mean that it was "kept in the ordinary course of a regularly conducted business activity" within the meaning of section 90.803(6). The fee sheet was an after-the-fact guesstimation of time spent on the case. Apparently, there were no contemporaneous time entries made by the attorneys who worked on the case and individual attorneys with time on the case could not be identified.

The evidence at trial supports an attorney's fee award of only $400 per month for the 14 months that the law firm represented Nolan. We therefore reverse the award of attorney's fees and direct the trial court on remand to enter a judgment awarding attorney's fees of $5,600.

CIKLIN, C.J., GROSS and GERBER, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*