912 So.2d 627 (2005)
Enrique A. FINOL, Petitioner,
v.
Carmen FINOL, Respondent.
No. 4D04-2423.
District Court of Appeal of Florida, Fourth District.
August 31, 2005.
Rehearing Denied November 7, 2005.
*628 H.T. Maloney of Patterson & Maloney, Fort Lauderdale, for petitioner.
Michael A. Hymowitz of Law Offices of Braverman and Rossi, Fort Lauderdale, for respondent.
MAY, J.
Husband's trial counsel petitions this court for issuance of a writ of certiorari to quash a trial court order that required him to remit one half of his fees received to opposing counsel. We originally dismissed the petition, citing Gazil v. Gazil, 343 So.2d 595 (Fla.1977), consistent with our decisions in three prior non-final appeals or petitions filed by the husband in this court.[1] Counsel for the husband filed a motion for rehearing and advised the court that he and his law firm were the real parties in interest in this proceeding. We granted the motion for rehearing, directed the husband's counsel to file a motion to intervene, and reinstated the petition for writ of certiorari. Upon review of the petition and response, we now quash the trial court's order.
The trial court has repeatedly found the husband to be in contempt of court. The husband appears to be living in Venezuela. He has not provided support to the wife or children since August 2000. He has refused to pay $38,521.00 in temporary trial and appellate attorney's fees. The trial court has issued a writ of arrest for the husband.
Notwithstanding the husband's failure to pay monies owed to his wife, his attorney continues to receive payment for services he provides to the husband. The wife filed a "Motion for Payment of Attorney's Fees in Like Amount to that Paid to Husband's Counsel." The motion requested relief in the form of an order requiring the husband's counsel to pay the wife's counsel half of all the fees he has received or will receive in the future. The wife argued it was inherently unfair for the husband's attorney to continue to profit when the husband refuses to pay the wife's court-awarded attorney's fees.
The trial court heard the motion and ordered the parties to file memoranda of law on the issue of the trial court's authority to enter such an order. The court then considered additional argument of counsel at a subsequent hearing. The husband's counsel admitted receiving payment from the husband's sister, brother, and father's corporation, but argued he had been acting in good faith in representing the husband.
The trial court made the following findings of fact.
(1) Counsel had initiated several appeals despite the husband's non-compliance with court orders.
(2) Counsel was aware of the husband's misconduct, particularly the assertion of his fifth amendment privilege *629 against self-incrimination when he objected to production of detailed records concerning the husband's payment to counsel.
(3) Counsel's awareness of the husband's failure to pay in combination with receiving payment for his services was in conflict with section 61.16, Florida Statutes (2004).
Relying on Moakley v. Smallwood, 826 So.2d 221 (Fla.2002), the trial court entered an order granting the wife's motion.
Counsel for the husband petitions this court for issuance of a writ of certiorari. He claims the trial court order departs from the essential requirements of law from which there is no adequate remedy at law. We agree and grant the petition.
A trial court has inherent authority to order an attorney to pay opposing counsel's fees if the attorney acts in bad faith. See Bitterman v. Bitterman, 714 So.2d 356 (Fla.1998).
In exercising this inherent authority, an appropriate balance must be struck between condemning as unprofessional or unethical litigation tactics undertaken solely for bad faith purposes, while ensuring that attorneys will not be deterred from pursuing lawful claims, issues, or defenses on behalf of their clients or from their obligation as an advocate to zealously assert the clients' interests. The inherent authority of the trial court, like the power of contempt, carries with it the obligation of restrained use and due process.
Moakley, 826 So.2d at 226-27. However, the trial court is required to make an express finding of bad faith conduct, "which must be supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys' fees." Id. at 227. And, the amount of attorney's fees awarded must directly relate to those incurred as a result of the specific bad faith conduct of the attorney.
The proceedings were, and the order is, inadequate to support the sanction imposed. The trial court did not permit the husband's counsel to present witnesses or other evidence in his defense. The trial court did not make (1) an express finding of bad faith, or (2) factual findings justifying the relief ordered. The record and the order also fail to show how the fees awarded directly relate to the fees incurred as a result of the alleged bad faith conduct. For these reasons, the order deviates from the essential requirements of the law. Because the husband's attempts to appeal have been met with dismissal due to his ongoing contempt of court, his counsel has no adequate remedy at law.
We therefore grant the petition and quash the order without prejudice. Upon remand, should the court be asked to reconsider the issue, any future hearing and order must comply with the requirements of Moakley.
STEVENSON, C.J., and STONE, J., concur.
NOTES
[1] Gazil authorizes an appellate court to dismiss an appeal to prevent a contemnor from seeking relief. The supreme court has previously dismissed the husband's petition for mandamus under Gazil. Finol v. Finol, 892 So.2d 1011 (Fla.2004).