83 So.3d 780 (2011)
Gary GLARUM and Anita Glarum, Appellants,
v.
LASALLE BANK NATIONAL ASSOCIATION, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-FFI, First Wellington, Inc., a dissolved corporation, Wellington Shores Homeowners Association, Greenview Shores No. 2 at Wellington Homeowners Association, Greenview Shores Homeowners Association, First Franklin Financial Corporation, and any unknown heirs, devisees, grantees, creditors, and other unknown persons or unknown spouses claiming by, through and under any of the above-named parties, Appellees.
No. 4D10-1372.
District Court of Appeal of Florida, Fourth District.
November 17, 2011.
*781 Thomas Ice of Ice legal, P.A., Royal Palm Beach, for appellants.
R. Eric Bilik, Jeffrey S. York and Sara F. Holladay-Tobias of the Law Firm of McGuireWoods, LLP., Jacksonville, Katherine E. Giddings, Nancy M. Wallace Akerman Senterfitt, Tallahassee, William P. Heller and William C. Crenshaw of Akerman Senterfitt, Fort Lauderdale, and Thomasina F. Moore and Dennis W. Moore of Butler & Hosch, P.A., Orlando, for appellee LaSalle Bank National Association.

ON MOTION FOR REHEARING AND CLARIFICATION, OR REHEARING EN BANC
PER CURIAM.
LaSalle moves for rehearing and clarification, or rehearing en banc. We deny the motions for rehearing, noting that LaSalle does not challenge this court's reversal of summary judgment.[1] We grant the motion for clarification. For ease of reference, we withdraw our previously issued opinion and substitute the following in its place.
This appeal presents two issues. First, we consider whether the trial court improperly granted a summary judgment of foreclosure in favor of LaSalle Bank. We also consider whether the trial court erred in sanctioning appellants' counsel for filing frivolous pleadings pursuant to section 57.105, Florida Statutes. We reverse the trial court's entry of summary judgment in favor of LaSalle in part, as LaSalle's summary judgment evidence was insufficient to establish the amount due to LaSalle under the note and mortgage. We likewise reverse the entry of sanctions against appellants' counsel as improper. However, *782 we find no merit in appellants' contention that LaSalle lacked standing to seek foreclosure.
Appellants admitted in their answer that they had not made payments according to the terms of the note, and as such, they were in default. Appellants, however, denied LaSalle's allegations regarding the amount of the default. To establish the amount of appellants' indebtedness for summary judgment, LaSalle filed the affidavit of Ralph Orsini, a "specialist" at the loan servicer, Home Loan Services, Inc. Orsini claimed in the affidavit that appellants were in default of their payment obligations and owed in excess of $340,000 on the note. In opposition to the motion for summary judgment, appellants filed Orsini's deposition, wherein Orsini explained that he derived the $340,000 figure from his company's computer system. However, Orsini did not know who entered the data into the computer, and he could not verify that the entries were correct at the time they were made. To calculate appellants' payment history, Orsini relied in part on data retrieved from Litton Loan Servicing, a prior servicer of appellants' loan.
Florida Rule of Civil Procedure 1.510(c) requires a party moving for summary judgment to "identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence." If this evidence, taken in the light most favorable to the non-moving party, shows no genuine issue of material fact, the moving party is entitled to judgment as a matter of law. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
We find that Orsini's affidavit constituted inadmissible hearsay and, as such, could not support LaSalle's motion for summary judgment. Pursuant to section 90.803(6)(a), Florida Statutes, documentary evidence may be admitted into evidence as business records if the proponent of the evidence demonstrates the following through a records custodian or other qualified person:
(1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record.
Yisrael v. State, 993 So.2d 952, 956 (Fla. 2008).[2]
Orsini did not know who, how, or when the data entries were made into Home Loan Services's computer system. He could not state if the records were made in the regular course of business. For instance, Orsini testified:
Q. And who would make those entries as payments were made or as the account needed to be updated?
A. No idea.
Q. Would it be someone at Home Loans?
A. Again, no idea.
....
Q. And is there a department that typically puts in eachany account activity on these databases at your company?
A. I'm not sure.
Q. You don't know what department that would be?

*783 A. No.
He relied on data supplied by Litton Loan Servicing, with whose procedures he was even less familiar. Orsini could state that the data in the affidavit was accurate only insofar as it replicated the numbers derived from the company's computer system. Orsini had no knowledge of how his own company's data was produced, and he was not competent to authenticate that data. Accordingly, Orsini's statements could not be admitted under section 90.803(6)(a), and the affidavit of indebtedness constituted inadmissible hearsay. Because LaSalle presented no competent evidence to show $422,677.85 in damages, the amount of the judgment to which LaSalle is entitled remains at issue. Therefore, we reverse the entry of judgment in favor of LaSalle and remand for further proceedings.[3]
The trial court also entered sanctions against appellants' counsel for filing a "form affidavit" from an expert, Rita Lord, who opined on the ability of lay persons to distinguish between original and high-quality copies of promissory notes. Lord did not represent in the affidavit that she reviewed the papers at issue in this case. Nevertheless, the trial court was distressed by appellants' counsel's habit of filing "the same affidavit in ten different cases, when [Lord] hasn't seen the documents in this case." The court awarded LaSalle its reasonable attorney's fees for having to file a motion to strike Lord's affidavit.
We note that LaSalle moved for sanctions under section 57.105, Florida Statutes. That statute permits a trial court to award a "reasonable attorney's fee" to the "prevailing party" where the plaintiff's claim was frivolous or to a party to compensate for the opposing party's dilatory conduct. § 57.105(1)-(2), Fla. Stat. The trial court did not find that appellants' claims were frivolous, and the trial court did not conclude that Lord's affidavit was filed to cause unreasonable delay. Thus, section 57.105 could not serve as a basis for the award of attorney's fees to LaSalle.
To the extent that the trial court may have been exercising its inherent authority to sanction parties or their attorneys, we also find error. "[A] trial court possesses the inherent authority to impose attorneys' fees against an attorney for bad faith conduct." Moakley v. Smallwood, 826 So.2d 221, 226 (Fla.2002). To impose attorney's fees as a sanction under its inherent authority, the trial court must make an "express finding of bad faith conduct" that is "supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys' fees." Id. at 227.
The trial court did not make any specific findings of bad faith on the record, and the sanctions order must be reversed without prejudice. See Finol v. Finol, 912 So.2d 627, 629 (Fla. 4th DCA 2005). "Upon remand, should the court be asked to reconsider the issue, any future hearing and order must comply with the requirements of Moakley." Id.
In summary, we reverse the judgment of foreclosure and the entry of sanctions against appellants' counsel and remand for *784 further proceedings consistent with this opinion.
Reversed and remanded.
CIKLIN, LEVINE, JJ., and THORNTON, JOHN W., JR., Associate Judge, concur.
NOTES
[1] The very first paragraph of LaSalle's motion states, "LaSalle does not challenge this Court's reversal of summary judgment." (bold emphasis added).
[2] The law does not require an affiant who relies on computerized bank records to be the records custodian who entered or created the data, nor must the affiant identify who entered the data into the computer. The law is also clear there is no per se rule precluding the admission of computerized business records acquired from a prior loan servicer.
[3] We stress that this case stands alone and its outcome could very well have been different had the affiant's testimony demonstrated that he knew the simple basics as set forth in section 90.803(6)(a) and Yisrael, 993 So.2d at 956. LaSalle may also have been able to supplement Orsini's affidavit with affidavits from qualified individuals certifying that the computer records satisfied the business records hearsay exception. See Fla. R. Civ. P. 1.510(e) ("The court may permit affidavits to be supplemented ... by further affidavits.").