NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANDRE SAS,                                      )
                                                )
            Appellant,                          )
                                                )
v.                                              )          Case No. 2D14-1003
                                                )
FEDERAL NATIONAL MORTGAGE                       )
ASSOCIATION,                                    )
                                                )
            Appellee.                           )
                                                )
_____ )

Opinion filed June 10, 2015.

Appeal from the Circuit Court for Sarasota
County; Charles E. Williams, Judge.

H. Daniel McKillop and Jeremy J. Taylor of
McKillop Law Firm, Sarasota, for Appellant.

Kimberly N. Hopkins and Ronald M. Gache
of Shapiro, Fishman & Gache, LLP, Tampa,
for Appellee.


SLEET, Judge.

          Andre Sas appeals the order granting a new trial on the issue of the

amount of debt owed to Federal National Mortgage Association (Fannie Mae) by Sas.

We affirm the order on appeal but write to address the application of WAMCO XXVIII,

Ltd. v. Integrated Electronic Environments, Inc., 903 So. 2d 230 (Fla. 2d DCA 2005), to

the present case.

In Sas v. Federal National Mortgage Ass'n, 112 So. 3d 778, 779 (Fla. 2d DCA 2013), we explained that it was error for the trial court to admit the testimony of Fannie Mae's records custodian about the contents of its records without admitting any of those business records. We affirmed the final judgment of foreclosure but reversed and remanded "for further proceedings to properly establish the amounts allegedly due and owing." Id. at 780. On remand, the trial court held a hearing on the issue of damages, and Fannie Mae submitted the testimony of another records custodian, a "foreclosure litigation corporate officer" with Seterus, Inc., which had been Fannie Mae's mortgage loan servicer for Sas's loan since August 1, 2010.

At the hearing, Seterus's custodian testified that he was familiar with Seterus's business practices in making and maintaining business records, Fannie Mae's record-keeping requirements for mortgage loan servicers, and the servicer industry's general practices in making and maintaining business records. He explained that Chase Home Finance, LLC, was the prior servicer on Sas's mortgage, that Chase was bound by the same requirements in maintaining mortgage loan records as Seterus because they were both servicers for Fannie Mae, and that Seterus's loan boarding department thoroughly reviewed Chase's records at the time of transfer for any discrepancies. Seterus's custodian was familiar with the verification procedures used by the loan boarding department and stated that it audited Chase's records and found no discrepancies at the time Sas's mortgage was transferred. He further explained that had the loan boarding department found any discrepancies, the loan would have been resubmitted to Chase for repurchase; he confirmed that the loan was never resubmitted

to Chase and that the Chase payment history was part of what was audited at the time Seterus acquired the loan. Seterus's custodian testified that once Seterus began servicing the loan, the payment history was updated as Seterus received payments on the loan by a person with knowledge and that Seterus regularly maintained such records in the course of its regularly conducted business.

Sas objected to the custodian's testimony and argued that Fannie Mae failed to lay the predicate for admission of Sas's payment history under section 90.803(6), Florida Statutes (2014), because the custodian had no personal knowledge of Chase's record-keeping practices.[1] The trial court agreed; it ultimately granted Sas's motion for directed verdict[2] after Fannie Mae was unable to present any evidence through the records custodian of the amounts due and owing on the mortgage. Fannie Mae sought a new trial on damages, arguing that it was error for the trial court to exclude the payment history in light of this court's holding in WAMCO, 903 So. 2d at 233. The trial court agreed and granted a new trial on the issue of damages only. The trial court correctly exercised its discretion in granting a new trial and in its application of WAMCO because Seterus's custodian established the proper predicate for the admission of the payment history.

On appeal, Sas first contends that the trial court erred in applying WAMCO. We do not agree. The trial court correctly found that the WAMCO decision is

---

[1]It is worth noting that Sas did not challenge the trustworthiness or reliability of Chase's records on appeal or in the circuit court.

[2]In a nonjury trial, a motion for directed verdict is treated as a motion for involuntary dismissal under Florida Rule of Civil Procedure 1.420(b). See Thompson v. Fla. Cemeteries, Inc., 866 So. 2d 767, 769 (Fla. 2d DCA 2004).

directly on point.  In WAMCO, this court held that the loan payment histories of a prior servicer are admissible under section 90.803(6) when they are relied on by a successor servicer who establishes that it independently verified the accuracy of the payment histories and its verification procedures demonstrate that the records are trustworthy. 903 So. 2d at 233; see also Bank of N.Y. v. Calloway, 157 So. 3d 1064 (Fla. 4th DCA 2015).  At trial, the successor servicer, WAMCO, presented the testimony of its records custodian who explained that he was familiar with the record-keeping procedures at WAMCO, that WAMCO relied on the payment history it received from the prior servicer, that he was generally familiar with the accounting practices at banks, and that WAMCO verified the accuracy of the files at the time it purchased the loans by going through the files, checking for "anything that seems out of line," looking at the payment histories, and then making contact with the customer.  903 So. 2d at 232-33.  On appeal, this court held that the testimony of WAMCO's records custodian and the loan payment histories admitted through him were sufficient to prove the amount of the outstanding loans.  Id. at 233.  There is no requirement that the records custodian have personal knowledge of the manner in which the prior servicer maintained and created its business records.  See id. at 233 (noting that the records custodian lacked personal knowledge as to who at the successor servicer input the loan information, but that the business records were properly admitted into evidence); see also Calloway, 157 So. 3d at 1073; Glarum v. LaSalle Bank Nat'l Ass'n, 83 So. 3d 780, 782 n.2 (Fla. 4th DCA 2011).

Sas also contends that this court's decision in WAMCO is in conflict with the First and Fourth Districts' decisions in Holt v. Calchas, LLC, 155 So. 3d 499 (Fla. 4th

DCA 2015); <u>Burdeshaw v. Bank of New York Mellon</u>, 148 So. 3d 819 (Fla. 1st DCA 2014); and <u>Hunter v. Aurora Loan Services, LLC</u>, 137 So. 3d 570 (Fla. 1st DCA 2014), <u>review denied</u>, 157 So. 3d 1040 (Fla. 2014).  However, these three cases are distinguishable.  In each case, the servicer's records custodian failed to testify that the successor servicer of the loan independently verified the accuracy of the payment histories received from the prior servicer or to detail the procedures used for such verification.  <u>See</u> <u>Holt</u>, 155 So. 3d at 504; <u>Burdeshaw</u>, 148 So. 3d at 826; <u>Hunter</u>, 137 So. 3d at 573.  Here, Seterus's records custodian's testimony satisfied the requirements of section 90.803(6) and also established that Seterus independently verified the accuracy of the records it received from Chase using Seterus's verification procedures. As such, the loan payment history was admissible under the business records exception to the hearsay rule.  We therefore affirm the order setting a new trial on the issue of damages.

Affirmed.


ALTENBERND and SALARIO, JJ., Concur.