IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BAYVIEW LOAN SERVICING, LLC,

      Appellant,

v.

RITA KAY,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4043

Opinion filed October 18, 2017.

An appeal from the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

Jonathan L. Blackmore and John D. Cusick of Phelan, Hallinan, Diamond & Jones, PLLC, Ft. Lauderdale, for Appellant.

Michael Wm Mead, Mead Law Firm, Ft. Walton Beach, for Appellee.

PER CURIAM.

      Bayview Loan Servicing, LLC ("Bayview"), appeals a final order dismissing its foreclosure action against Rita Kay. After the trial court excluded Bayview's loan payment history documents from evidence as hearsay, it determined that Bayview

could not state a prima facie case and dismissed the case without prejudice. Because we conclude that the trial court erred in its application of the business records exception, we reverse and remand for a new trial.

Bayview and M&T Bank executed a servicing agreement whereby M&T Bank serviced loans until mortgagors defaulted, at which point Bayview took over all default and foreclosure procedures. To make this arrangement simple and beneficial for both parties, they shared a mutually accessible online platform to track all loan and payment records. Only the name of M&T Bank can be found on the online records in this platform.

After the original mortgage and note were admitted into evidence, Bayview attempted to have the loan payment history admitted. Bayview called its Litigation Manager, Juan Pesantes, to discuss the loan and documents at issue. Mr. Pesantes testified that the payment history was made by someone with knowledge of its contents near the time of the events and was kept in the ordinary course of business, in accordance with the regular practice at Bayview, and that he had reviewed and was familiar with these documents. Additionally, Mr. Pesantes effectively detailed the relationship between Bayview and M&T Bank, as well as the platform at issue.

Following a hearsay objection, the trial court ruled that Bayview could not admit the payment history into evidence under the business records exception because the document only had M&T Bank's name on it, the witness was an

employee of Bayview and not M&T Bank, and Bayview did not have the servicing agreement between the two companies on hand.

"A trial court's decision to admit evidence is reviewed for abuse of discretion, subject, of course, to the rules of evidence and case law." *Hunter v. Aurora Loan Servs., LLC*, 137 So. 3d 570, 572 (Fla. 1st DCA 2014). Section 90.803(6), Florida Statutes (2014), permits the admission of business records into evidence that would otherwise be inadmissible hearsay. To admit such a record, the proponent must show that the following conditions are satisfied:

> (1) [T]he record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record.

*Yisrael v. State*, 993 So. 2d 952, 956 (Fla. 2008). The proponent may present the testimony of a records custodian to show these predicate requirements. *Id.* This witness need not have prepared the document, but "must be able to show each of the requirements for establishing a proper foundation." *Mazine v. M & I Bank*, 67 So. 3d 1129, 1132 (Fla. 1st DCA 2011).

In *Hunter*, the witness, an employee of Rushmore, attempted to lay the foundation to admit loan records of MortgageIT under the business records exception. 137 So. 3d at 570. The witness testified as to industry standards, but could not demonstrate personal knowledge, including whether or not the documents

3

actually belonged to MortgageIT. *Id.* at 572. We held not simply that the witness was not an employee of MortgageIT, but that he "otherwise lacked particular knowledge" of their procedures. *Id.* at 573.

Other district courts of appeal have consistently held that a witness can lay the foundation for business records of another company. *See Bank of New York v. Calloway*, 157 So. 3d 1064, 1072 (Fla. 4th DCA 2015), *review denied*, 177 So. 3d 1263 (Fla. 2015) (finding that loan servicers can admit business records of a different business by showing a business or contractual relationship, integration and reliance, or verification); *Nationstar Mortg., LLC v. Berdecia*, 169 So. 3d 209, 216 (Fla. 5th DCA 2015*), review denied*, SC15-1560, 2016 WL 374148 (Fla. Jan. 27, 2016) (same); *Stern v. Gad*, 575 So. 2d 258, 260 (Fla. 3d DCA 1991) (holding that the foundation for admission as business records was shown when the witness acted as an agent for the business). As witnesses may lay a proper foundation for records of other companies, there is no reason that a Bayview employee could not lay the foundation for Bayview's own records, simply because they are accessed through a shared platform and have another company's name on them.

Additionally, the witness did not need to produce the servicing agreement between Bayview and M&T Bank as he had personal knowledge of this business relationship. *See U.S. Bank Nat'l Ass'n v. Clarke*, 192 So. 3d 620, 621 n.1 (Fla. 4th DCA 2016) (finding that the bank's witness could "testify as to matters within the

4

witness's personal knowledge," regardless of the terms of a power of attorney); *Bank of New York*, 157 So. 3d at 1072 (holding that testimony alone was sufficient to verify the accuracy of records of another company integrated by the witness's company).

Section 90.803(6)(a), Florida Statutes, allows for any "qualified witness" to demonstrate the personal knowledge necessary to establish the requirements of the business records exception. Additional requirements are not to be added by the courts. While section 90.803(6)(a) allows courts to exclude records if the circumstances indicate untrustworthiness, there is no indication that the trial court found the testimony or documents at issue untrustworthy. *See Cayea v. CitiMortgage, Inc.*, 138 So. 3d 1214, 1218 (Fla. 4th DCA 2014). Accordingly, we reverse and remand for a new trial.

REVERSED and REMANDED.

ROWE, OSTERHAUS, and WINOKUR, JJ., CONCUR.