NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEUTSCHE BANK NATIONAL TRUST )
COMPANY, )
                                   )
         Appellant, )
                                   )
v. )       Case No. 2D16-4237
                                   )
DWAINE A. SHEWARD and PATRICIA )
SHEWARD, )
                                   )
         Appellees. )
_____)

Opinion filed April 18, 2018.

Appeal from the Circuit Court for Pinellas
County; David A. Demers, Judge.

Michael D. Starks and Kimberly S. Mello
of Greenberg Traurig, P.A., Orlando; and
Patrick G. Broderick of Greenberg Traurig,
P.A., West Palm Beach, for Appellant.

Thomas Eross, Jr., and Kendrick
Almaguer of The Ticktin Law Group,
P.L.L.C., Deerfield Beach, for Appellee
Dwaine Sheward.

No appearance for Appellee Patricia
Sheward.


CASANUEVA, Judge.

        Deutsche Bank National Trust Company, the plaintiff in this foreclosure

action, appeals a final judgment entered in favor of Dwaine A. Sheward and Patricia

Sheward. Deutsche Bank argues, and Mr. Sheward correctly concedes, that the trial court erred in excluding from evidence the payment history for the Shewards' loan, and we accordingly reverse the final judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

On December 14, 2006, the Shewards executed a balloon note and mortgage promising to pay New Century Mortgage Corporation the sum of $150,000. The balloon note required the Shewards to begin making monthly payments on February 1, 2007, and the Shewards defaulted on the note and mortgage by failing to make the regular monthly payment due on October 1, 2008. Saxon Mortgage Services became the servicer for this loan in November 2007, and thereafter in November 2009, Ocwen Loan Servicing began servicing the loan.

At the parties' bench trial, Deutsche Bank sought to introduce the payment history for the loan through the testimony of Sally Torres. Ms. Torres was a senior loan analyst for Ocwen and had worked for the company for twelve years. She testified that the payment history for the loan reflects all the payments, fees, escrow, and interest. Payment histories are maintained in electronic files and they are kept in the ordinary course and scope of Ocwen's business. Ms. Torres further testified that when a payment is received from a borrower, the computer system is updated at or near the time of the transaction. She attested that the payment history sought to be introduced is a true and accurate copy of the payment history for the Shewards' loan account.

Regarding the loan records maintained by the prior servicer, Saxon Mortgage Services, Ms. Torres testified that Ocwen receives the electronic records for every new loan that they service. Ocwen's loan setup department is responsible for

reviewing all of the electronic information for a new loan and converting the data so that it can be read by their system. Ocwen then compares the electronic records with the written loan documents to verify that the electronic information is correct.

The Shewards objected to the admission of the payment history arguing that it was hearsay and that Ms. Saxon did not have any personal knowledge regarding that portion of the payment history that was maintained by Saxon, specifically how Saxon kept and maintained its records. Deutsche Bank countered that the payment history was admissible pursuant to the business record exception to the hearsay rule. See § 90.803(6)(a), Fla. Stat. (2008). The trial court initially overruled the Shewards' objection to the documents.

However, after both sides rested, the trial court reserved ruling on the records' admissibility until it had an opportunity to review the trial transcript. Ultimately, the trial court determined that the records were inadmissible hearsay, because there was no testimony that the loan documents of Saxon were reviewed to ensure that they were correct. Accordingly, the court entered judgment in favor of the Shewards.

## II. STANDARD OF REVIEW

The standard of review for the admissibility of evidence is abuse of discretion. Channell v. Deutsche Bank Nat'l Tr. Co., 173 So. 3d 1017, 1018 (Fla. 2d DCA 2015); Bayview Loan Servicing, LLC v. Kay, 227 So. 3d 779, 781 (Fla. 1st DCA 2017). However, even though a trial court has broad discretion in ruling on the admissibility of evidence, this discretion is not unlimited. Alexander v. State, 931 So. 2d 946, 950 (Fla. 4th DCA 2006). Further, the question of whether evidence meets the

- 3 -

statutory definition of hearsay is a matter of law and thus subject to de novo review. Burkey v. State, 922 So. 2d 1033, 1035 (Fla. 4th DCA 2006).

## III. BUSINESS RECORDS EXCEPTION

It is undisputed that Ocwen's records were offered into evidence pursuant to section 90.803(6)(a), the business records exception to the hearsay rule. There are a legion of cases setting forth the proper evidentiary foundation necessary for the records' admission into evidence. To be admissible, the movant is required to establish the following:

> (1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record.

Yisrael v. State, 993 So. 2d 952, 956 (Fla. 2008) (citing Jackson v. State, 738 So. 2d 382, 386 (Fla. 4th DCA 1999)).

Additionally, in those instances where a business takes custody of another business's records and integrates them within its own records, "the acquired records are treated as having been 'made' by the successor business, such that both records constitute the successor business's singular 'business record.' " Bank of N.Y. v. Calloway, 157 So. 3d 1064, 1071 (Fla. 4th DCA 2015) (quoting United States v. Adefehinti, 510 F.3d 319, 326 (D.C. Cir. 2007)). "[A] witness can lay the foundation for business records of another company," Bayview Loan Servicing, 227 So. 3d at 781, and "[t]here is no requirement that the records custodian have personal knowledge of the manner in which the prior servicer maintained and created its business records." Sas v. Fed. Nat.l Mortg. Ass'n, 165 So. 3d 849, 851 (Fla. 2d DCA 2015) (citing WAMCO

XXVIII, Ltd. v. Integrated Elec. Env'ts, Inc., 903 So. 2d 230, 233 (Fla. 2d DCA 2005)). What is required, however, is independent verification of the loan payment history. WAMCO XXVIII, 903 So. 2d at 233; Holt v. Calchas, LLC, 155 So. 3d 499, 504 (Fla. 4th DCA 2015). A successor business may establish the trustworthiness of records "by independently confirming the accuracy of the third-party's business records upon receipt." Bank of N.Y., 157 So. 3d at 1072.

We agree with the parties that the requirements for admissibility were met in this case. Ms. Torres' testimony set forth the procedures utilized by Ocwen to independently verify the accuracy of the payment history records from the prior loan servicer, Saxon. We therefore reverse the final judgment and remand for further proceedings.

Reversed and remanded.


CRENSHAW and SLEET, JJ., Concur.